# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

## No. 14-1365
_____

In Re:  Brandon G. Pierce and Nicole L. Pierce

Debtors
_____

**BRANDON G. PIERCE and NICOLE L. PIERCE**

Debtors/Appellants

vs.

**COLLECTION ASSOCIATES, INC.**

Appellee
_____

## APPEAL FROM THE UNITED STATES BANKRUPTCY
## APPELLATE PANEL FOR THE EIGHTH CIRCUIT
_____

## BRIEF OF APPELLEE
_____

Trev E. Peterson - #16637
KNUDSEN, BERKHEIMER,
RICHARDSON & ENDACOTT, LLP
3800 VerMaas Place – Suite 200
Lincoln, Nebraska  68502
(402) 475-7011
tpeterson@knudsenlaw.com

**Attorneys for Appellee**

# RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to the provisions Rule 26.1(a) of Federal Rules of Appellate Procedure, the Appellee discloses to the Court the following information concerning the Appellee, Collection Associates, Inc.:

1. Collection Associates, Inc. does not have a parent corporation.

2. No publically held corporation owns 10% or more of the stock of Collection Associates, Inc.

# SUMMARY OF THE CASE AND WAIVER OF ORAL ARGUMENT

Collection Associates, Inc. ("Collection Associates") adopts the Debtors' Summary of the Case with the exception of the request for oral argument. Collection Associates, Inc. does not believe that the issues in this case merit oral argument and does not believe that oral argument would be beneficial to the Court in making its determination in this matter. Pursuant to 8th Cir. R. 28A(i), if the Court schedules this matter for oral argument, Collection Associates believes that 10 minutes of oral argument is adequate.

# **TABLE OF CONTENTS**

RULE 26.1 CORPORATE DISCLOSURE STATEMENT …………………….i

SUMMARY OF THE CASE AND WAIVER OF ORAL ARGUMENT ……i

TABLE OF AUTHORITIES ………………………………………………iii

STATEMENT OF THE CASE ……………………………………………….1

SUMMARY OF THE ARGUMENT ………………………………………...1

ARGUMENT …………………………………………………………….... 2

I.     THE BANKRUPTCY APPELLATE PANEL DID NOT
ERR IN HOLDING THAT THE AGGREGATE VALUE
OF THE PROPERTY TRANSFERRED WAS LESS THAN $600 …. 2

CONCLUSION ……………………………………………………………… 7

CERTIFICATION OF COMPLIANCE …………………………………….. 7

CERTIFICATE OF SERVICE ……………………………………………….8

# TABLE OF AUTHORITIES -- CASES

In re Hogsett, 2001 Bankr. LEXIS 2149 (Bankr. Neb. 2001)
(unpublished opinion) ……………………………………………….4, 5

James v. Planters Bank (In re James), 257 B.R. 673 (8th BAP 2001) ……… 4

Wade v. Midwest Acceptance Corporation (In re Wade), 219 B.R. 815
(8th BAP 1998) …………………………………………………………….4

# TABLE OF AUTHORITIES -- STATUTES

11 U.S.C. § 362 ……………………………………………………….. 4

11 U.S.C. § 362(a) …………………………………………………….. 1

11 U.S.C. § 547(c) …………………………………………………....4

11 U.S.C. § 547(c)(8) ………………………………………………..2, 6

Neb. Rev. Stat. § 25-1056(2) ……………………………………………...2, 3

Neb. Rev. Stat. § 25-1056(3)(d) ……………………………………...1, 3, 4, 5, 6

## STATEMENT OF THE CASE

Collection Associates adopts the Debtors' Statement of the Case with the following addition. In addition to the suggestion of bankruptcy filed in the state court case by the Debtors on December 10, 2012 (Appendix at 5), Collection Associates notified the employer that the garnishment was released by letter dated December 19, 2012. (Appendix at 6).

## SUMMARY OF THE ARGUMENT

Collection Associates contends that it received less than $600.00 during the preference period. (Stipulated facts, Appendix at 5-6). The automatic stay under 11 U.S.C. §362(a) came into existence upon the filing of the bankruptcy case. 11 U.S.C. §362(a). Under Nebraska law, Neb. Rev. Stat. §25-1056(3)(d), the continuing lien on Mr. Pierce's wages became "invalid and shall have force and effect" immediately upon the filing of the bankruptcy case. Id. The bankruptcy case was filed on December 10, 2012 (Appendix at 5). The state court received checks from Mr. Pierce's employer on December 12, 2012 and December 26, 2012. (Appendix at 6). The legal obligation of the employer to pay over the wages was under §25,1056(3)(d) invalid and of no force and effect upon the filing of the bankruptcy case, December 10, 2012. Which was before the wages were paid to the state court. Because the legal obligation of the employer to pay the

1

wages into the state court ceased upon the filing of the bankruptcy petition, Collection Associates had no interest in the wages that were paid into the state court after the date of the filing of the bankruptcy petition. Collection Associates did not receive at least $600.00 during the preference period, and recovery of the preference is excepted by 11 U.S.C. §547(c)(8).

## ARGUMENT

I. THE BANKRUPTCY APPELLATE PANEL DID NOT ERR IN HOLDING THAT THE AGGREGATE VALUE OF THE PROPERTY TRANSFERRED WAS LESS THAN $600.

Section 547(c)(8) prevents a preference recovery in consumer cases where the "aggregate value of all property that constitutes or is affected by such transfer is less than $600." The issue in this case is whether the aggregate value of property received by Collection Associates as a result of the garnishment includes the two payments made post-petition. If the proceeds are included, the $562.78 received by Collection Associates during the preference period can be avoided. If the post-petition payments are not included, the aggregate value of the transfers received by Collection Associates is less than $600 and the pre-petition payments received by Collection Associates cannot be avoided as preferences under §547(c)(8).

Garnishment of wages in Nebraska is governed by the provisions of Neb. Rev. Stat. §25-1056(2). A garnishment is initiated by the service of a garnishment

2

summons and interrogatories on a garnishee. If the answer to garnishment interrogatories filed by the garnishee indicates that the judgment debtor is an employee or is otherwise owed earnings then "on application of the judgment creditor, the court shall order the nonexempt earnings, if any, withheld by the garnishee" and transferred to the court issuing the garnishment for application to the debt. Id. at §25-1056(2). Upon the application of a judgment creditor, the court can order a continuing lien in favor of the judgment creditor covering the judgment debtor's nonexempt wages earned for a period of 90 days following the garnishee's answers to the garnishment interrogatories. The continuing lien can be continued for an additional 90 days. Id. Beginning with "the pay period during which the writ was served and while the continuing lien remains in effect" the garnishee is obligated to deliver the nonexempt earnings of the judgment debtor to the court for application to the debt. Id.

The continuing lien becomes invalid and of no force and effect when: "(d) [t]he [garnishment] proceedings are stayed by a court of competent jurisdiction, including the United States Bankruptcy Court." Id. at §25-1056(3)(d). In the present case, upon the filing of Debtors' bankruptcy case, section 25-1056(3)(d) automatically terminated the right of Collection Associated to the wages held by the employer. That automatic termination occurred on December 10, 2012, which was before the employer paid two disputed payments to the court. The filing of the

3

bankruptcy case, the automatic stay under 11 U.S.C. §362 and §25-1056(3)(d) of the Nebraska garnishment law terminated the continuing lien on Mr. Pierce's wages and the return of the funds was mandated by Nebraska garnishment law and not "fortuitously" as suggested by the Appellants (Appellants' Brief at 2).

As noted by the Bankruptcy Appellate Panel ("BAP") in its opinion, the clerk of the county court returned the funds to the Debtors. The reason is that the continuing lien expired **before** the funds were received by the county court. The only funds received by Collection Associates were the $596.78. When the preference case was filed (Appendix at 1-2), which was after the clerk's office returned the funds to the Debtors, the amount of the wages in the possession of Collection Associates was $596.78. The amount received by Collection Associates was less than $600.00 and the provisions of §547(c) clearly apply to this case. The BAP was correct and should be affirmed.

The Eighth Circuit BAP opinions in James v. Planters Bank (In re James), 257 B.R. 673 (8th BAP 2001) (Arkansas law) and Wade v. Midwest Acceptance Corporation (In re Wade), 219 B.R. 815 (8th BAP 1998) (Missouri law) and the opinion of the Nebraska Bankruptcy Court in In re Hogsett, 2001 Bankr. LEXIS 2149 (Bankr. Neb. 2001) (unpublished opinion) do not require a different result. All three cases involved the question of when wages are deemed earned for purposes of the preference analysis. In all three cases the court held that for

4

preference purposes the transfer of the wages to the creditor occurred when the wages were earned by the employee. However, none of the cases dealt with the issue of what happens if the wages are earned by the debtor pre-petition but the debtor's bankruptcy terminates the continuing lien after the wages are earned and before the funds are paid into court. None of those cases dealt with the situation where the creditor did not receive payment from the garnishee prior to the filing of the preference case. In the present case, Mr. Pierce earned the wages pre-petition. Under Hogsett, the right of Collection Associates to those wages under the Nebraska garnishment statutes attached each day that Mr. Pierce worked. The bankruptcy case was filed on December 10, 2012 and the Debtors filed a suggestion of bankruptcy in the collection case on December 10, 2012. The garnishment proceeds for the work done by Mr. Pierce covered by the pay checks issued in December were not paid by the garnishee until after the filing of the bankruptcy case—specifically on December 12 and December 26. The payments were made after the continuing lien of Collection Associates was deemed by law, Neb. Rev. Stat. §25-1056(3)(d), to have terminated. Collection Associates was, by Nebraska law, not entitled to any funds that were withheld but not paid at the time of the filing of the bankruptcy case on December 10, 2012.

In this case the Debtors and Collection Associates did all that they were required to do to notify the garnishee of the filing of the case. The Debtors filed a

5

suggestion of bankruptcy and Collection Associates released the garnishment. While the interest of Collection Associates in Mr. Pierce's wages was perfected as he earned the wages, the perfection ended on December 10, 2012 when he filed his bankruptcy case. Collection Associates did not receive more than $600.00 under any analysis.

In this case the aggregate value of all property that was affected by the transfer in this case is the $562.78 received by Collection Associates and the value does not include the two later payments that were returned to the Debtors as required by Neb. Rev. Stat. §25-1056(3)(d). The Bankruptcy Court and the BAP were correct in its holding that the $600 threshold of section 547(c)(8) was not met and the decision of the BAP should be affirmed.

# CONCLUSION

For the foregoing reasons Collection Associates respectfully submits that the Court affirm the decision of the Bankruptcy Appellate Panel.

> Respectfully submitted,
>
> COLLECTION ASSOCIATES, INC.,
> Appellee
>
> By: KNUDSEN, BERKHEIMER,
> RICHARDSON & ENDACOTT, LLP
> 3800 VerMaas Place, Suite 200
> Lincoln, Nebraska 68502
> (402) 475-7011
>
> By: /s/ Trev E. Peterson - #16637

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), the undersigned hereby certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B).

1. Exclusive of portions of the brief exempted by Fed. R. App . P. 32(a)(7)(B)(i-ii), this brief contains approximately 1,374 words and is therefore in compliance with Fed. R. App. P. 32(a)(7)(B).

2. The brief has been prepared in proportionally spaced typeface using Microsoft Word 2010 in 14 point Times New Roman font and thus complies with Fed. R. App . P. 32(a)(5-6). As permitted by Fed. R. App. P. 32(a)(7)(C),

the undersigned has relied upon the word count feature of this word processing software in preparing this certificate.

As required under 8th Cir. R. 28A(h)(2), this brief has been scanned for viruses and is virus-free.

/s/ Trev E. Peterson - #16637

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2014, I electronically filed the foregoing Brief for Appellee with the Clerk of the United States Court of Appeals for the Eighth Circuit using the CM/ECF system which sent notification of such filing to the following: Kevin Ruser, counsel for the Appellants, and on all other parties requesting notice under the Court's CM/ECF system.

/s/ Trev E. Peterson - #16637